JOHN N. BROWN, APPELLANT, V. MARY A. FITZPATRICK
ET AL., APPELLEES.

FILED NOVEMBER 5, 1896.    No. 8450.

**Review:** RECEIVERS. The refusal of the district court to appoint a re-
ceiver must be affirmed when, neither by the petition nor by the
proofs adduced, was there a showing that such refusal was erro-
neous.

APPEAL from the district court of Douglas county.
Heard below before POWELL, J.

*Morris, Beekman & Marple,* for appellant.

*I. J. Dunn, contra.*

RYAN, C.

On November 23, 1895, there was filed in the district
court of Douglas county a petition in which John Nicho-
las Brown was named as plaintiff and Mary Ann Fitzpat-
rick and others were named as defendants. The first
paragraph of this petition was in the following language:
"Now comes the plaintiff and shows to the court that on
the 8th day of October, 1895, he purchased the property
in controversy herein at sheriff's sale under decree of fore-
closure herein for the sum of $8,944.52, and that on the
26th day of October, 1895, said sale was fully confirmed
by this court and that on the 11th day of November,
1895, the defendants, Mary Ann Fitzpatrick and Dennis
Fitzpatrick, filed a supersedeas bond herein and intended
to take said case on appeal from the order confirming
said sale to the supreme court." Following the above
quoted language the petition contained averments that
the value of the said premises was not in excess of $8,000;
that the defendants were insolvent and in possession of
said premises, collecting the rents and profits therefrom
for their own benefit. As grounds for praying the ap-
pointment of a receiver it was alleged in the petition that

said premises were in danger of being materially injured, and that said premises had been sold for taxes in 1894, and that in 1895 the tax purchaser had paid the taxes thereon for 1894, and that at the time of filing the petition there was unpaid the city tax for 1895. In the petition it was further alleged that the appeal from the order of confirmation could not be determined in the supreme court within two years, and that meantime the defendants would continue to collect and use the rents and profits as they accrued, permitting additional taxes, assessments, and interest to accumulate against said premises. The prayer of the petition was as follows: "Wherefore the plaintiff prays for the appointment of a receiver herein to take charge of said real estate and to collect the rents and profits therefrom and to apply the same toward the payments of the taxes and assessments against said real estate, and for such other relief as may be just and equitable." Upon affidavits alone there was a hearing which resulted in a denial of the prayer of the petition. It is very probable that the above petition was filed in a cause pending, but unfortunately there is nothing in the record to show that such is the case except the averments above noted. There is in this court no record of confirmation or of other proceedings precedent to confirmation, either pleaded or offered in evidence. It is easy to imagine that counsel on either side should naturally assume in this court that we understand the conditions which surrounded the filing of the application for a receiver. We can only know what is disclosed by the record, and with this suggestion in mind counsel can readily see why we cannot discuss several propositions urged in argument. One of the material issues which was presented, and in respect to which, however, contradictory proofs were offered, was whether or not the defendants were insolvent. The finding generally for the defendants, it would seem, solved the question of fact in their favor. The taxes, which it is urged the defendants have not paid, were liens when plaintiff purchased under the foreclosure, and,

as paramount liens, should have been deducted from the amount of the appraisement. (*Vide* Code of Civil Procedure, sec. 491*b*.) As there is no proof as to this, we are bound to assume that the payment by the bidder was decreased by the amount of these taxes; hence the injustice of requiring the defendants to pay them is quite clear. It was alleged generally in the petition that the premises were in danger of material injury, but in what respect this danger was threatened there was neither averment nor proof. The prayer of the petition was that a receiver might be appointed to collect the rents and profits and apply the same to the payment of taxes and assessments against the real property. There was no prayer that any of such rents or profits might be used to ward off threatened danger. As to waste permitted or suffered, there was neither averment nor prayer in the petition. Under these circumstances we cannot say that there was error in the order denying the receiver prayed, and the judgment of the district court is, therefore,

AFFIRMED.